UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YANA DELKHAH,

                    Plaintiff,

          v.

NEW YORK PRESBYTERIAN BROOKLYN
METHODIST HOSPITAL and KINGS
PHYSICIAN SERVICES P.C.,

                    Defendants.

**ORDER**

22-CV-03929 (HG)

**HECTOR GONZALEZ**, United States District Judge:

The parties informed the Court in January that they had reached a settlement in principle

and requested an extension of their fact and expert discovery deadlines by 30 days each to

accommodate their efforts to finalize their settlement agreement.  ECF No. 23.  The Court

granted the extension, which established the parties' deadline to complete fact discovery as April

7, 2023.  ECF Order dated Jan. 25, 2023.  When doing so, since the parties had previously

received a discovery extension, the Court warned the parties that it would "not further extend

these discovery deadlines in the absence of unusual circumstances demonstrating good cause,

and the fact that the parties have been pursuing settlement negotiations will not by itself

constitute good cause." *Id.*  Since receiving that extension, the parties have neither provided the

Court with any update about their settlement efforts nor raised any further discovery disputes

with the Court.

The parties shall file a joint letter no longer than five pages on or before March 24, 2023,

indicating whether they intend imminently to file a stipulation of dismissal regarding Plaintiff's

claims and, if so, providing an anticipated date by which they expect to file the stipulation.  The

parties' letter shall also explain with specificity the discovery that they have completed to date

and the discovery that remains outstanding.  In particular, if the parties have not completed the depositions of fact witnesses, the parties' letter shall identify how many witnesses the parties collectively intend to depose and describe generally the role those witnesses played in the facts giving rise to Plaintiff's claims.

The parties' joint letter shall also identify any disputes related to the discovery that the parties have conducted to date—other than the disputes already resolved by the Court—and each party's respective positions on those disputes.  The Court will deem the parties to have waived any current discovery disputes that they fail to raise in their letter.

The parties' joint letter shall also indicate whether Defendants still intend to move for summary judgment and whether they anticipate doing so before or after the close of expert discovery.  If the parties still intend to conduct expert discovery, then their joint letter shall identify the number of expert witnesses that each party has retained, or intends to retain, and describe the general topics about which each expert plans to testify.

The Court recognizes that the parties have participated in a private mediation.  However, if the parties' joint letter does not indicate that they intend imminently to settle Plaintiff's claims, then their letter shall indicate whether they unanimously agree to the Court's referring this case for a settlement conference with Magistrate Judge Levy or, alternatively, to the Eastern District of New York's Court-Annexed Mediation Program.  The Court will expect the parties to pursue their discovery efforts simultaneously with any settlement efforts.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
        March 17, 2023